[No. 4591.   Decided September 14, 1903.]

CALDONIE BAILEY, *Respondent,* v. SEATTLE AND RENTON
RAILWAY COMPANY, *Appellant.*

WITNESSES — RECALL FOR PURPOSE OF EXPLAINING TESTIMONY.

Permitting the recall of plaintiff for the purpose of explaining
her testimony as given originally on the witness stand, and
which had apparently been contradicted by the testimony of an-
other witness, would not constitute prejudicial error, especially
where the contradictory testimony had been elicited by means of
improper cross-examination.

SAME — IMPROPER CROSS-EXAMINATION — IMPEACHMENT.

Testimony improperly elicited on cross-examination cannot be
contradicted by the introduction of impeaching testimony.

SAME — DECLARATIONS NOT IN PRESENCE OF PARTY — REBUTTAL.

Declarations prejudicial to plaintiff, made by one not in her
presence, cannot be introduced for the purpose of rebuttal, or to
impeach the testimony given by one of her witnesses.

CARRIERS — DEFECTIVE PLATFORM — INJURIES TO PASSENGERS — EVI-
DENCE OF CONTRIBUTORY NEGLIGENCE — ADMISSIBILITY.

In an action for damages for injuries to plaintiff's ankle, re-
ceived from stepping into a rotten place in a railway platform,
evidence on the part of defendant that plaintiff had a weak
ankle was immaterial, in the absence of a plea of contributory
negligence.

Appeal from Superior Court, King County.—Hon.
ARTHUR E. GRIFFIN, Judge.   Affirmed.

*Peters & Powell,* for appellant.

*W. E. Humphrey,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Action for personal damages.   The plain-
tiff brought suit against defendant in the superior court
of King county, alleging that she was a passenger in one
of defendant's cars running from Seattle to the station

of Mathieson, and that in getting off said car she stepped into a hole in the platform, which latter was rotten and out of repair, whereby she sprained her ankle, for which she claimed damages in the sum of $1,000. Defendant answered, denying the acts of negligence complained of, and denying any knowledge or information with respect to the injury or damages. The trial resulted in a judgment in favor of plaintiff for the sum of $292.50. From said judgment this appeal is taken, and two errors only are assigned: (1) The action of the court in refusing testimony offered by the defendant to impeach plaintiffs' witnesses; (2) permitting the recall of the plaintiff to contradict on the witness stand testimony which she had previously given on her direct examination.

The appellant, in its brief, discusses the second error first, and we will follow that order in disposing of the case. The plaintiff, Mrs. Bailey, on cross-examination testified as follows:

"Q. Now, Mrs. Bailey, that ankle has always been weak, hasn't it? A. No, sir. Q. Didn't you have trouble with it as a girl? A. No, sir; I never had any trouble. Q. With either of your ankles? A. I had no trouble. Q. This trouble is the first you have had? A. That was the first trouble I ever had. If I had ever had any trouble I could not have worked like I did."

Witness Braillard was called for the plaintiff, and testified in her behalf. On cross-examination he testified as follows:

"Q. Didn't Mrs. Bailey at that time tell you, Mr. Braillard, that she had had trouble with that ankle before? That it had been weak? A. At that time? Q. Well, at some time. A. Yes; she told me that when she was a little girl, I think—a child, that she had an accident in getting off a car some place in the East. All I can remember of it was that she was visiting with her folks,

and they got into a railroad car, and in getting off she sprained her ankle."

Mrs. Bailey was then recalled by the plaintiff, and asked to state which ankle it was which she told Braillard she had injured when a girl. This question was objected to, the objection was overruled, and the answer was as follows:

"It was my right ankle. Well, when my ankle was hurt when I was a little child it did not amount to anything. I don't even remember telling Mr. Braillard about it, but I certainly did or he would not have remembered about it. But it was my left ankle that was hurt on the Renton car."

We think it was properly within the discretion of the court to admit this testimony. In the first place, the cross-examination which elicited the statement from the witness Braillard was not properly admitted, his direct examination having reference simply to the condition of the sidewalk at the time of the accident, and the actual occurrence there. In the second place, the object of a law suit is to elicit the truth, and a seeming contradiction was explained by the testimony objected to. We think there was no prejudicial error in its admission.

The second point is with reference to the testimony of the witness Lynde. The defendant had testified that the platform in question had been repaired and made sound on the 26th day of November, 1901, and had no hole or rotten plank in it. The plaintiff, in rebuttal, called her brother-in-law, Lynde, who testified that he got off at this place the day after Mrs. Bailey was injured, and no repairs had been made to the platform at that time, and that they were not made until several days after the accident. Lynde also testified on cross-examination that he did not know that Mrs. Bailey had injured her foot prior to the injury complained of, stating that he never had

heard of it before, and that he never had stated that she had so injured it. Defendant thereafter called witness Womach, and asked him whether or not the witness Lynde had stated to him that the plaintiff, Mrs. Bailey, had injured her ankle when a girl, and that it was always weak. Plaintiff objected to this on the ground that it was not material to the issue, and was not proper rebuttal or impeachment, which objection was sustained. We think this objection was properly sustained. Mrs. Bailey could not be prejudiced by a statement made by Lynde not in her presence. Hence the defendant could not have introduced the witness Womach to prove that Lynde had said that Mrs. Bailey had a weak ankle, and, the cross-examining party not being entitled to prove it as a part of his case tending to establish his plea, it was not material and could not be proven here in the manner contended for. In addition to this, there was no plea of contributory negligence on the part of the plaintiff to render material the testimony for the purpose of establishing as a fact—which could be the only material fact elicited—that she was negligent in carelessly alighting upon a platform on an unsound limb. Moreover, as in the other point, the direct examination of Lynde was not directed to the questions asked in cross-examination, and they were, therefore, not proper subjects for cross-examination, and it is not error for a court, when improper statements are drawn out on cross-examination, to refuse to allow the party who draws them out to contradict them.

We think no error was committed, and the judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and MOUNT, JJ., concur.