[No. 7817.   Decided June 10, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK H.
PILLING, *Appellant*.[1]

FORGERY—EVIDENCE—SUFFICIENCY.   In a prosecution for issuing
a check on a bank without funds to meet it, confessions of the ac-
cused and the evidence of the officer of the bank are sufficient to
make a case for the jury on the question of the existence of funds
in the bank.

FORGERY—ELEMENTS OF OFFENSE—VARIANCE—NAME OF PARTY DE-
FENDANT—SURPLUSAGE.   Technical ownership of money paid out by
a bank over its counter is not material in a prosecution under Laws
1905, p. 78, defining the essential elements of an offense as the draw-
ing of a check on a bank for the payment of money, knowledge at
the time that the drawer was without funds therein or credit, and
intent to defraud; and a variance as to the ownership is immaterial,
especially in view of Bal. Code, § 7132, providing that the name of
the party defrauded need not be given, as the same would be sur-
plusage.

CONSTITUTIONAL LAW—IMPRISONMENT FOR DEBT—FORGERY.   Laws
1905, p. 78, making it a felony to issue a check on a bank without
funds or credit to meet it, with intent to defraud, is not unconsti-
tutional as authorizing imprisonment for debt.

FORGERY—INTENT TO DEFRAUD—INSTRUCTIONS—BURDEN OF PROOF.
In a prosecution for issuing a check upon a bank without funds
therein or credit to meet it, with intent to defraud, under Laws 1905,
p. 78, it is error to instruct that the law would presume intent to
defraud from the issuing of a check knowing that the accused had
no funds or credit to meet its payment; since it was at least only
a rebuttable presumption, and the most that the court could do
would be to leave it to the jury to infer the fraud, the burden of
proof of which was upon the state (Mount, Crow, and Dunbar, JJ.,
dissenting).

SAME—APPEAL—REVIEW.   Such an instruction would not be cured
by other general instructions disassociated therefrom.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered October 24, 1908, upon a trial
and conviction of the crime of drawing upon a bank without
funds wherewith to meet the check.   Reversed.

[1]Reported in 102 Pac. 230.

*Walter M. Harvey*, for appellant.

*H. G. Rowland* and *Robert M. Davis*, for respondent.

RUDKIN, C. J.—On the 1st day of August, 1908, the defendant, Pilling, drew a check on the Daly Bank & Trust Company of Butte, Montana, in favor of James R. Thompson for the sum of $18,000, and delivered the same to the payee therein named. Thompson endorsed and delivered the check to the Scandinavian-American Bank of Tacoma, Washington, and the latter institution cashed the check and delivered the proceeds to Pilling or Thompson, Pilling ultimately receiving the money. The check was not paid on presentation, and an information was thereupon filed against the defendant under § 1 of the act of March 2, 1905, Laws of 1905, p. 78, which reads as follows:

"Any person who shall with intent to defraud make, or draw, or utter, or deliver to another person any check, or draft, on a bank or other depository for the payment of money, knowing at the time of such drawing, or delivery, that he has not sufficient funds in, or credit with said bank or depository, to meet said check, in full upon its presentation, shall be guilty of a felony," etc.

Trial was had before a jury, and from a judgment pronounced upon a verdict of guilty, this appeal is prosecuted.

The denial of a challenge for cause, interposed to one of the jurors by the appellant, is assigned as error, but a new trial must be awarded on other grounds, and inasmuch as this question will not arise on a retrial, in the same form at least, we deem it unnecessary to discuss or consider it.

It is next contended that the court erred in denying a motion to dismiss, interposed at the close of the state's case, on the following grounds: (1) Because the state failed to prove that the appellant had not sufficient funds or credit in the bank to meet the check on its presentation; (2) because there was a variance between the allegations and the proofs in this; whereas the information charged that the appellant re-

30—53 WASH.

ceived the money and property of the prosecuting witness Thompson with intent to. defraud him, the proof showed that the money received was the money and property of the Scandinavian-American Bank, and that the bank was the party defrauded; (3) because the act under which the information was filed is unconstitutional.

(1) The admissions or confessions of the appellant, coupled with the evidence of the officer of the bank upon which the check was drawn, was sufficient evidence to carry the case to the jury on the question of the existence of funds or credit to meet the check on its presentation.

(2) The essential elements of the crime defined by the statute are three: first, the drawing of a check on a bank or other depository for the payment of money; second, knowledge at the time of drawing the check that the drawer has not sufficient funds in, or credit with, the bank or depository to meet the check in full upon its presentation; and third, an intent to defraud. Under this statute the technical ownership of the money paid out by the bank over its counter was not material. The material question was the intent to defraud. The proof showed that the prosecuting witness was compelled to, and did, repay the money to the bank by reason of his endorsement, and that he was the party in fact defrauded. But aside from this, Bal. Code, § 7132 (P. C. § 1665), provides that,

"In any case where the intent to defraud is necessary to constitute the offense of forgery or any other offense that may be prosecuted, it shall be sufficient to allege in the indictment or information an intent to defraud without naming therein the particular person or body corporate intended to be defrauded; and on the trial of such indictment it shall be deemed sufficient, and shall not be deemed a variance if there appear to be an intent to defraud the United States, or any state, territory, county, city, town, or village, or any body corporate, or any public officer in his official capacity, or any copartnership, or any member thereof, or any particular person; and persons of skill shall be competent witnesses to prove a forgery."

Under this section the naming of the person intended to be defrauded is immaterial and may be treated as surplusage, and, if the appellant intended to defraud the Scandinavian-American Bank as claimed, such proof sustains the charge and does not constitute a variance.

(3)   The contention that the statute authorizes imprisonment for debt, in violation of § 17 of article 1 of the state constitution, is not well founded. The statute punishes the party for his fraud and not for his failure to redeem his check. *In re Milecke*, 52 Wash. 312, 100 Pac. 743.

After the jury had retired to consider of their verdict, they returned into court and asked the following question:

"We wish to know a little more about the intent to defraud. If a man issues a check on a bank, knowing at the time of the issuance of the check that there is not sufficient funds or credit in the bank to meet the check, would that be considered intent to defraud?"

To this inquiry the court replied:

"I think if a man issues a check upon a bank where he has no funds to meet the check, and no credit in the bank to meet the check, and obtains anything of value upon the check, the law would presume that an intent to defraud."

This instruction was excepted to and is assigned as error. The exception must be sustained. As already stated, there are three constituent elements in the statutory definition of the crime charged. The question propounded to the court would indicate that the jury had already resolved two of these against the appellant, and the court, by the charge complained of, determined the third and more important one against the appellant as a matter of law. There are two classes of legal presumptions, conclusive and rebuttable. Against the former no kind of testimony however strong will prevail, while presumptions of the second class are equally conclusive until overcome by proof. If this instruction did not withdraw the question of intent from the consideration of the jury entirely, it as least cast the burden of proof upon

the appellant, and in either view the instruction was erro-
neous. To say that fraudulent intent is presumed and that
innocence is likewise presumed is a legal solecism. Further-
more, fraud is never presumed, even in a civil action. The
utmost that the court could have said under the circumstan-
ces would be to have informed the jury that they might infer
the intent to defraud from all the facts and circumstances
in the case. It will perhaps be argued that this was the legal
effect of the court's language, but we cannot so construe it.
The jury were given to understand that they must accept the
law from the court, and when the court informed them that
the law presumed guilt from the facts stated they might well
conclude, and perhaps did conclude, that a verdict of guilty
was the only alternative. The language of the court was
free from ambiguity, and we must assume that the jury un-
derstood and construed it according to its plain and natural
import. Nor was this error cured by anything contained in
the general charge of the court. The instruction was disas-
sociated from the rest, and the very fact that the jury de-
sired further instructions would indicate that they did not
understand or remember the charge already given.

For this error the judgment is reversed, with directions to
grant a new trial.

FULLERTON, GOSE, CHADWICK, MORRIS, and PARKER, JJ.,
concur.

MOUNT, J. (dissenting)—I cannot agree that the an-
swer of the court to the question of the jury was reversible
error. The jury simply desired to know how they were to
find the intention of defendant, and for that purpose
asked the court: "If a man issues a check on the bank, know-
ing at the time of the issue of the check that there was not suf-
ficient funds or credit in the bank to meet the check, would
that be considered intent to defraud?" If the court had sim-
ply answered this question in the affirmative, the answer would
clearly have been correct, because the question covers all the

essential elements of the crime as defined by statute, except the intent to defraud. Intent must necessarily be inferred from the facts stated. It is seldom that a man orally declares his intention, especially where it is a criminal one. Such intention must be presumed or found from the acts done. Otherwise few crimes could be proven. It is true the court did not answer the question directly in the affirmative. If the answer stood alone it would be erroneous, because it omitted the essential element of knowledge that the drawer had no funds in the bank, but the answer was plainly given with reference to the facts stated in the question, and in substance was an affirmative answer. The whole question and answer must be construed together and not independently. It will not do to eliminate the question which called forth the answer. It is plain that the jury had already determined the facts stated in the question, which included knowledge that appellant had no credit at the bank, and they desired to know if from those facts they might deduce an intention to defraud, and the effect of the answer, when considered in the light of the question, was that they might do so. The jury plainly could not have been misled to believe that the element of knowledge was not necessary to be found by them. The answer to the question was, therefore, not prejudicial error. The effect of the majority opinion is to place a technical construction upon the answer without reference to the question asked, and to assume that the jury was misled thereby when it plainly appears otherwise.

In my opinion, the judgment should be affirmed.

CROW and DUNBAR, JJ., concur with MOUNT, J.