[No. 8088.   Department One.   October 4, 1909.]

PETER P. JUUL, *Respondent*, v. KITSAP TRANSPORTATION
COMPANY, *Appellant*.[1]

WITNESSES—EXAMINATION—IMPEACHMENT—TIME — ORDER OF EVI-
DENCE. It is not an abuse of discretion to permit the recall of de-
fendant's witness, after defendant rested, for the purpose of asking
impeaching questions which should have been asked on cross-exami-
nation, where but a short time had elapsed and defendant was al-
lowed to call witnesses and was denied no right or privilege.

SAME—MATERIALITY OF IMPEACHING QUESTIONS. In an action for
injuries sustained by the alleged pulling in of a gang plank, upon
which plaintiff was walking off a boat, where a witness for defend-
ant testified that he was ahead of the plaintiff, and that plaintiff
fell by reason of tripping on the witness' feet after getting clear of
the plank, it is proper to allow impeaching questions tending to
show that witness stated shortly after the accident that he felt the
plank slipping before he reached the dock.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
personal injuries for $5,000, reduced by the trial court to $3,000, is
not excessive, where plaintiff's nose was broken, his foot permanently
injured, and he was incapacitated for twelve weeks, losing wages
at $2.50 per day.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 2, 1908, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by a passenger while landing from
a steamboat.   Affirmed.

*Peters & Powell*, for appellant.

*John E. Humphries* and *George B. Cole*, for respondent.

FULLERTON, J.—On July 28, 1907, the respondent took
passage on one of the steamboats of the appellant trans-
portation company at Seattle, in King county, for the pur-
pose of going to Lisabeula, in Kitsap county.   On arriving
at the point last named, the boat made a starboard landing

[1]Reported in 104 Pac. 191.

at the public wharf for the purpose of discharging passengers. The tide was low when the boat reached the wharf, and the gang plank was extended from the hurricane deck of the boat to the wharf, and was even then inclined somewhat steeply, the ascent being towards the wharf. The respondent's evidence tended to show that, as he was leaving the boat· and had reached about midway of the plank, it was pulled aboard the boat by the boat's crew, causing him to fall therefrom into the water below, by which fall his nose was broken and his foot badly injured, leaving him a permanent cripple.

The respondent was forty-nine years of age at the time of the accident, had been at one time a blacksmith, and was at the time of his injury working for the city of Seattle, receiving as wages $2.50 per day. He was incapacitated by reason of his injury for some twelve weeks, when he resumed work at the same wages. The jury returned a verdict in his favor in the sum of $5,000. This, on motion for a new trial, was reduced to $3,000, and for this sum judgment was rendered.

Error is first assigned on the examination of the witness H. J. Schweiker. The respondent testified in his own behalf to the effect that he was about the middle of the gang plank, and alone thereon, proceeding towards the wharf, when the plank was pulled in towards the boat, thereby throwing him into the water. In this he was corroborated by his wife and by several other witnesses who were on the wharf watching the boat make the landing. The appellant, when introducing evidence on its behalf, called the witness Schweiker, who testified in substance that he also was a passenger on the boat with the respondent, landing at the place the respondent intended to land; that when the boat reached the wharf and the gang plank was put out he ascended it immediately ahead of the respondent; that both of them reached the wharf and stepped clear of the plank, when the respondent in some way tripped upon the witness' feet and slipped and fell backwards into the water. He was then subjected to quite a lengthy cross-examination, and excused from the witness

stand. The appellant, after introducing some further evidence, rested its case, whereupon the respondent introduced witnesses in rebuttal, finally calling the witness Schweiker, and obtaining leave of court, asked him certain impeaching questions which he was allowed to answer over the appellant's objection. Afterwards witnesses called by the respondent testified, over the appellant's objection, that the answers made to the impeaching questions were untrue.

The appellant contends that the ruling of the court in this particular was error, for two reasons; first, because it was an abuse of discretion to permit the witness to be recalled after the appellant had rested its case; and, second, because the subject-matter of the impeaching questions was of itself inadmissible. We think neither of these objections tenable. Undoubtedly, under the strict rules of practice, the impeaching questions should have been propounded to the witness before he left the witness stand, after he had been examined in chief and was turned over to the respondent for cross-examination; but whether the strict rule shall always be adhered to is a question resting in the sound discretion of the trial judge, to be reviewed in the appellate court only for manifest abuse. In the record before us there is nothing to show an abuse of discretion. Only a short time elapsed between the time the witness was excused until he was recalled and the impeaching questions propounded to him, and no privilege or right was denied the appellant because thereof. There was, therefore, no abuse of discretion.

The question asked the witness was whether he did not state, in the presence of certain persons who were witnesses to the accident, shortly after leaving the gang plank, that he felt the plank slipping before he got off of it. Clearly this was material. If the witness did so state, it controverts his testimony to the effect that both he and the defendant got clear of the plank before the accident, and that the accident was the result of the respondent's tripping over the witness' heels and not to any movement of the gang plank. This be-

ing so, it was sufficiently connected with the question at issue to warrant its submission to the consideration of the jury. The case of *Bailey v. Seattle & Renton R. Co.*, 32 Wash. 640, 73 Pac. 679, is not in point here. In that case the impeaching question related to a matter immaterial to the issues between the parties; while here the impeaching questions related to material matters.

The other contention is that the amount of recovery is still excessive, notwithstanding the reduction of the verdict by the court. But, as we have stated, the respondent's nose was broken and deformed, and his foot permanently injured, although not sufficient to render it useless, yet sufficient to limit its natural movement in some degree, rendering it less useful than it was before the accident.

The evidence should be clear and plain that a verdict is excessive before it is set aside by an appellate court on that ground. We cannot so hold in the case before us.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.