[No. 8471. Department One. April 1, 1910.]

ORVILLE D. WHARTON, *Respondent*, v. TACOMA FIR DOOR COMPANY, *Appellant*.[1]

WITNESSES—IMPEACHMENT. In an action by an experienced rip sawyer to recover for injuries sustained by reason of a defect in the saw of which he had no notice, after the mill superintendent had testified on cross-examination that he would not put a green hand to work upon a ripsaw without instructions, it is not competent to impeach the witness in this respect, as the matter is collateral to the issue and the party is concluded by the answer of the witness.

MASTER AND SERVANT—ACTIONS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action by one representing himself as an experienced rip sawyer, to recover for injuries sustained by reason of a defect in the saw of which he had no notice, it is error for the court in instructing as to contributory negligence to make the same rest upon plaintiff's knowledge and experience in operating machines of the same kind, since his competency was not a matter in issue.

TRIAL—INSTRUCTIONS. It is not error to refuse instructions covered by the general charge.

[1]Reported in 107 Pac. 1057.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 23, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Hudson & Holt*, for appellant.

*Govnor Teats, Hugo Metzler*, and *Leo Teats*, for respondent.

FULLERTON, J.—This action was brought by the respondent against the appellant to recover for injuries received by him while operating a ripsaw at the factory of the appellant. At the trial the jury returned a verdict in his favor for the sum of $4,000. Judgment was thereafter entered on the verdict and this appeal taken therefrom.

The action was brought under the act of March 6, 1905, commonly known as the factory act. In his complaint the respondent charged the appellant with negligence in maintaining for use in his factory a ripsaw with a defective guide, which rendered its operation extra hazardous. He alleged that, upon his employment by the appellant, he was put to work patching defective doors; that during the course of his work he was required to use the ripsaw, but was not informed of its defective and extra hazardous condition, and that by reason thereof he was injured when he undertook to operate the same.

It is assigned first that the court erred in admitting certain testimony. The record shows that when the appellant's superintendent was on the stand he was asked on cross-examination whether he had not put inexperienced men to work at this ripsaw without informing them of the dangers connected with its operation, and answered thereto in the negative. In rebuttal, the respondent called one Charles McCoy, when the following occurred:

"Q. When you started to work down at this factory, had you ever had any experience on a ripsaw before? A. No, sir. Q. When you started to run that ripsaw, was Mr. Dore

present? A. He was. Q. Did he give you any instructions as to the operating of that saw? Mr. Holt: What is the object of this? Mr. Metzler: I asked Mr. Dore if he would set a green hand to work upon this saw without instructing him and he said he did not, that if a man was green he would either instruct him or prevent him using the saw, and I wish to show by this witness that this man came here, an absolutely green man, and began to operate this saw and Mr. Dore was standing near there and said nothing to him about it. Mr. Holt: We object to this as immaterial and irrelevant and it is not proper rebuttal. . . . The Court: I will permit him to answer, I don't remember that testimony."

Whereupon the witness answered, "No, sir."

Manifestly the admission of this evidence was error. The matter inquired about had no reference to any matter relevant or material to the issues on trial. The respondent is not contending that he was a green hand put to work on a dangerous machine without warning. His contention is that he, a competent and experienced man, was put to work on a defective machine without being warned of the defect, an entirely different matter. The questions asked Dore, therefore, while possibly not without the pale of proper cross-examination, related to a purely collateral matter on which he could not be impeached. The governing rule in such cases is well stated in 10 Ency. Plead. & Prac. 294, in the following language:

"In order to impeach a witness by proof of contradictory statements made by him, it is essential that such statements have reference to some matter which is relevant and material to the issue on trial. To state the rule in another form, the cross-examining party is concluded by the answer which a witness gives to a question concerning a collateral matter, and no contradiction will be allowed, even for the purpose of impeaching the witness."

See, also, *Freidrich v. Territory*, 2 Wash. 358, 26 Pac. 976; *State v. Payne*, 6 Wash. 563, 34 Pac. 317; *State v. Carpenter*, 32 Wash. 254, 73 Pac. 357; *Bailey v. Seattle &*

*Renton R. Co.*, 32 Wash. 640, 73 Pac. 679; *State v. Mc-Lain*, 43 Wash. 267, 86 Pac. 390.

The court gave to the jury the following instructions:

"(4)   If you find from the evidence that the machine in question was not in repair at the time of the accident to the plaintiff and that by reason of the same being out of repair and dangerous the operation of the same was extra hazardous, and that the plaintiff was injured through the dangers arising from the machine being out of repair, and you should further find that he was in the course of his regular employment while operating the said machine, performed his work with ordinary care, taking into consideration his experience in operating machines of the kind in question, then in that case you are to find the verdict for the plaintiff."

"(15)   The burden of proving contributory negligence rests upon the defendant.  In considering the question as to whether or not the plaintiff was guilty of contributory negligence in the operation of the saw, you are to take into consideration his experience in operating the saw, his knowledge of the defects, if any, in the guide, his knowledge of the manner in setting the guide, if any, and whether or not the plaintiff undertook to perform his work in splitting the rail in the usual and ordinary way of one of his experience and knowledge of the machinery in question."

The appellant complains, we think justly, of these instructions for the reason that they make the appellant's liability rest in part upon the respondent's experience and knowledge of the machinery in question; that is, the jury are told that in considering the question of contributory negligence on the part of the respondent, they may take into consideration the respondent's "experience in operating machines of the kind in question," and "his experience and knowledge of the machinery in question."   These qualifications are unwarranted because wholly without the issues.  As we pointed out in another place, the respondent does not rely for recovery on his lack of experience with machinery of this class, or with this particular machinery.  On the contrary, he is estopped from doing so.  When he engaged to do the work he undertook to do, he impliedly represented

that he was competent and skilled in that character of work, and familiar with the use of the tools and machinery necessary to be used in doing the work. Hence, he must, and in fact does, rely for recovery on an undisclosed defect in the machine furnished him with which to work which rendered its operation extra hazardous. When, therefore, the court found it necessary to introduce in his charge some standard of comparison, he should have used the standard of an ordinary prudent person having knowledge of such machinery and its mode of operation, not one having the respondent's perhaps limited knowledge.

We find no error in the refusal of the court to give the requested instructions. In so far as they are within the issues and correctly state the law of the case they are covered by the instructions given.

For the errors noted, the judgment is reversed and a new trial awarded.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.