[No. 18353. Department One. April 22, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE
JOFFERY, *Appellant.*[1]

WITNESSES (126-1) — CROSS-EXAMINATION — IMPEACHMENT — COL-
LATERAL MATTERS. While the state may in a proper manner impeach
the character of defendant's witnesses by showing conviction of
crime, it is reversible error to do so by eliciting answers on cross-
examination denying such conviction, and by impeaching such
denials in rebuttal, since it is bound by the answers of the witnesses
on a collateral matter.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered August 7, 1923, upon
a trial and conviction of rape. Reversed.

*William A. Gilmore,* for appellant.

*Malcolm Douglas, Ewing D. Colvin,* and *Ralph Ham-
mer,* for respondent.

TOLMAN, J.—Appellant was informed against, tried
and convicted upon a charge of having carnal knowl-
edge of a female child under the age of consent, and
appeals from the judgment and sentence.

The facts disclosed by the record are of such a nature
as to make a detailed discussion of them unpleasant,
and, as we view it, unprofitable. The assignments of
error are such that they can be treated as questions of
law alone, and that must suffice.

The first assignment of error relates to the sustain-
ing of objections to certain questions asked the prose-
cuting witness on cross-examination. Appellant's argu-
ment in support of this assignment is adequately an-
swered by what was said by this court in *State v. Gay,*
82 Wash. 423, 144 Pac. 711, and in harmony with that
case we hold that there was no error in this respect.

[1]Reported in 225 Pac. 48.

By separate assignments the appellant urges that there was error in permitting the state to impeach, or attempt to impeach, the witnesses James Dullo, Regina Dullo and Mary Giovi on collateral matters. A previous conviction of crime may be proven under the statute (Rem. Comp. Stat., § 2290) [P. C. § 8725], either by the introduction of the record or by cross-examination, and it may be that if, on cross-examination, the witness denied such conviction, the record might still be introduced under the statute, though in practical effect that would amount to an impeachment on a collateral matter. But aside from that, the rule is a long-established and a salutary one, which was here clearly invaded by the state, and its position is sought to be justified by the argument that the prosecution was entitled to show the bad character of the witnesses. Conceding that to be the general rule, yet the showing must be made in conformity with the well-established and generally recognized rules of evidence. If the cross-examiner chooses to propound questions to a witness which he expects will bring answers tending to establish bad character, that being a collateral issue, he is bound by the answers of the witness. We have spoken so often upon this subject that further elaboration would be superfluous. *Kirk v. Seattle Elec. Co.*, 58 Wash. 283, 108 Pac. 604, 31 L. R. A. (N. S.) 991; *Wharton v. Tacoma Fir Door Co.*, 58 Wash. 124, 107 Pac. 1057; *State v. McLain*, 43 Wash. 267, 86 Pac. 390, 10 Ann. Cas. 321; *State v. Carpenter*, 32 Wash. 254, 73 Pac. 357; *State v. Stone*, 66 Wash. 625, 120 Pac. 76; *State v. Carroll*, 119 Wash. 623, 206 Pac. 563.

The case of *State v. Jackson*, 83 Wash. 514, 145 Pac. 470, upon which the state seems to rely, does not in any wise deny or limit this rule.

A careful study of the situation as disclosed by the record shows that there was no error in the refusal to

give the instructions which is complained of, and that there was no abuse of discretion in the denial of the motion for a new trial. As to the latter, since a new trial must be granted for the errors already pointed out, and since the supposed irregularities relied upon in this respect are not likely to again occur, they would require no discussion even if more serious.

Reversed and remanded for a new trial.

MAIN, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.