[No. 29359.    Department One.    November 6, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER L. KRITZER, *Appellant*.[1]

[1]Reported in 152 P. (2d) 967.

*W. C. Losey,* for appellant.

*Leslie M. Carroll* and *Chester Chastek,* for respondent.

GRADY, J.—The appellant, Walter L. Kritzer, was found guilty by a jury of assault in the second degree, and, from the judgment, has taken this appeal.

The material facts which the jury must have found in order to arrive at the verdict were that some horses belonging to the prosecuting witness, one G. W. McClelland, strayed onto the premises occupied by appellant; that, during his search for the horses, McClelland went to a place on a public highway where a road leading to the premises of appellant branched off, and, while there, appellant came out of his residence armed with a gun, which he pointed at McClelland and threatened to shoot.

The appellant, by his assignments of error and in the arguments in his brief and before the court, raises five questions.

■■ In its case in chief, the state was permitted to introduce testimony over the objection of the appellant to the effect that, about a week prior to the making of the assault charged, the appellant and McClelland had met on a highway, and appellant pointed a gun at McClelland. It is urged by appellant that the evidence was not relevant and was prejudicial because it tended to establish the commission of a crime other than that charged.

The general rule is that, when one is on trial charged with a specific offense, evidence of the commission of other crimes by him is not admissible, because such proof is not necessary and its only effect is to prejudice the jury against the accused by showing that he is predisposed to the commission of crimes. However, there are exceptions to this general rule, and one of them is that, when the element of intent on the part of the accused is involved in the offense charged, evidence of other and related offenses having a bearing upon the one charged is then properly received. *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State v. Clark,* 98 Wash. 81, 167 Pac. 84; *State v. Guthrie,* 185 Wash. 464, 56 P. (2d) 160; *State v. Bradley,* 190 Wash. 538, 69 P. (2d) 819; *State v. Anderson,* 10 Wn. (2d) 167, 116 P. (2d) 346.

The state charged the appellant with a willful and felonious assault and had the burden of proving that it was so committed. The act charged as constituting the assault did not involve inherently the element of intent, as it might have been committed mistakenly or accidentally, and, as the appellant was surrounded with all reasonable inferences and the presumption of innocence, proof of a wrongful intent was essential.

When the appellant was under cross-examination during his trial, he was asked if he had ever been convicted of a crime, the examining attorney having in mind a charge of third-degree assault which had previously been made against appellant. The appellant denied that he had been convicted of the offense on the theory that, although he had been fined in justice court, inasmuch as he took an appeal to the superior court and nothing further had transpired, there was in fact no conviction of him on the crime charged.

As a preliminary to the production of the court record, counsel for the state marked as an exhibit a photograph, which he presented to appellant and asked him if it was his picture. The appellant stated that it was a picture taken of him when he was "arrested the last time." An objection was made to the further use of the picture, and, after a con-

ference between the trial judge and both counsel, held at the bench and beyond the hearing of the jury, the subject was not pursued further. The appellant complains that the conduct of counsel was prejudicial to him. It does not appear that the picture was exhibited to the jury. All the jury could have gathered from the whole occurrence was that appellant had been tried in justice court on a minor assault charge, was fined five dollars, and had taken an appeal, and that, on the occasion of his last arrest, his picture had been taken by the sheriff. We do not think the limited use of the picture could have had any prejudicial effect upon the jury.

■■ Counsel for the state asked the appellant the following question: "Walter, were you ever convicted of a crime of the violation of the Selective Service Laws of the United States in 1941, for failing to register for the draft?" Counsel for appellant concedes that the state had the right to ask appellant if he had ever been convicted of a crime in the United States district court, but urges that, as appellant admitted he had pleaded guilty to the charge, the further inquiry made was improper and prejudicial. But the further inquiry was brought about by the kind of answer given to the direct question and was made for the purpose of securing a direct admission by the appellant of the fact of his conviction. No objection was made either to the form of the question or to the inquiry made, and, for this reason alone, the error asserted is not open to review.

■ The appellant was asked by counsel for the state if he had a gun on his premises at the time of the alleged assault, and he replied that there was an old, single-barrel shotgun there belonging to his father. He was then asked if he had any other gun in his possession or on the premises between December 29th (the date of the alleged assault) and January 1st. An objection to the question was overruled by the court, and the appellant answered in the negative. In rebuttal, the state called a deputy sheriff, who testified over the objection of appellant that he had visited appellant's home on December 31st and there saw a small rifle. The purpose of the testimony, as stated by counsel,

was to test the veracity of the appellant as a witness. At all times throughout the trial, appellant denied that he had pointed a gun at McClelland. The witnesses for the state were unable to testify whether the gun which they stated was pointed at McClelland by appellant was a rifle or a shotgun, and the state sought to show that appellant had access to both a rifle and a shotgun.

The theory of the appellant is that, as the time of the asserted possession of the rifle was after the commission of the alleged assault, inquiry as to the fact involved a collateral matter, and, hence, was not a proper subject for impeachment of him as a witness and would amount to a prejudicial attack on his character, which had not been put in issue. The inquiry was directed to the impeachment of the appellant as to his veracity as a witness and had nothing to do with his character.

In *State v. Johnson,* 192 Wash. 467, 73 P. (2d) 1342, we recognized the rule that a witness cannot be impeached by the use of facts collateral to the issue, and then set forth the test to be used as follows, p. 471:

"The rule is firmly established in this state that a witness cannot be impeached by showing the falsity of his testimony concerning facts collateral to the issue. In such matters, a party cross-examining the witness is concluded by the answers given. *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *State v. Schuman,* 89 Wash. 9, 18, 153 Pac. 1084, Ann. Cas. 1918A, 633; *State v. Carroll,* 119 Wash. 623, 206 Pac. 563; *State v. Nolon,* 129 Wash. 284, 224 Pac. 932; *State v. Joffery,* 129 Wash. 322, 225 Pac. 48; *State v. Spadoni,* 137 Wash. 684, 700, 243 Pac. 854; *State v. Sandros,* 186 Wash. 438, 443, 58 P. (2d) 362.

"The test as to whether a matter is material or collateral, within the meaning of the rule, is whether the cross-examining party is entitled to prove it in support of his case. *State v. Stone,* 66 Wash. 625, 120 Pac. 76; *State v. Sandros,* 186 Wash. 438, 58 P. (2d) 362. In the case last cited, quotation was made from 6 Jones on Evidence (2d ed.), § 2400, wherein the following was declared to be the test: Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction? Such, also, seems to be the test recommended in 2 Wigmore on Evidence (2d ed.), 435, § 1003."

As a part of the state's case, it was necessary to prove that the appellant pointed a gun at McClelland. Two witnesses so testified. The state could have corroborated their testimony by showing that appellant had in his possession, or access to, one or more guns at or before or after the time of the assault, if such time was not too remote. But the state did not have to anticipate the appellant would deny that he used a gun in making the assault, and could have contented itself with the testimony of the two witnesses to make out its case in chief. When the appellant denied the use of a gun or that he had possession of, or access to, a rifle, he could then be impeached, and the testimony used for the purpose was both material and direct and met the test mentioned.

Complaint is made by appellant that counsel for the state, in his argument to the jury, placed undue stress upon prior convictions of the appellant, particularly with reference to his violation of the selective service act, but we cannot consider this alleged error because we do not find any place in the statement of facts where it is shown what the remarks were, or that any objection was made to them, or that the court was requested to take any action of a corrective nature with reference to them.

We think it proper to say in conclusion that the record discloses that, over a period of years, there had been much ill feeling between the appellant and the prosecuting witness, for the reason that the latter had been negligent in allowing his horses to trespass upon appellant's property. The appellant had much provocation for the assault, but it was without legal justification.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.