[No. 34793.   Department Two.   October 1, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. WILFRED WINTERS, *Appellant*.[1]

Paul B. *Fournier* and Orville E. *Peebles*, for appellant.

Monroe *Stephens*, for respondent.

FOSTER, J.—Appellant Winters appeals from a conviction of second-degree burglary and grand larceny. The

[1]Reported in 344 P. (2d) 526.

assignments of error are: (1) That the trial court erred in allowing the state to introduce testimony contradicting previous testimony of a prosecution witness, and (2) that the intent was not proved.

The testimony of state's witness Dotson is as follows:

In a bar on January 6, 1958, Dotson met appellant and another, both of whom wanted whisky but were without money. On that occasion, Dotson testified he told them he was employed by the West Coast Fish Company to drive its one-half ton GMC truck, and that there were a number of rejected cases of cheap tuna in the company's warehouse which he had authority to sell. Dotson testified he told them they could take the tuna and get some whisky in exchange for some of it, which they did. Dotson entered the building through the rear and let the appellant in the front. They took a quantity of the tuna, exchanged one case of it for a bottle of whisky, and secreted the residue.

The prosecutor claimed surprise at this testimony, and attempted to impeach Dotson by prior inconsistent statements, to which appellant's objection was sustained. Thereafter, the owner of the West Coast Fish Company was recalled and testified, over objection, that Dotson had not worked for the company and that the company did not own a one-half ton GMC truck. This is assigned as error.

■ The testimony was properly admitted because a party is not bound by the testimony of his own witness but may prove the facts to be otherwise. *Isaacs v. National Bank of Commerce*, 50 Wn. (2d) 548, 313 P. (2d) 684; *Schuster v. Sutherland*, 92 Wash. 135, 158 Pac. 730. See, also, *Northern Pac. R. Co. v. Everett*, 232 F. (2d) 488; *Peters v. United States*, 94 Fed. 127, certiorari denied 176 U. S. 684, 44 L. Ed. 638, 20 S. Ct. 1026; 98 C. J. S. 647, § 630. Here there was no impeachment by cross examination, but, on the contrary, the state proved by other witnesses that the facts were otherwise.

■ But appellant contends that the matter was collateral, in which event the contradictory testimony would

be immaterial. *O'Neil v. Crampton*, 18 Wn. (2d) 579, 140 P. (2d) 308; *State v. Joffery*, 129 Wash. 322, 225 Pac. 48. The test as to whether a matter is collateral or not is: Could the fact, as to which error is predicated, have been shown in evidence for any purpose independent of the contradiction? *Warren v. Hynes*, 4 Wn. (2d) 128, 102 P. (2d) 691; *State v. Sandros*, 186 Wash. 438, 58 P. (2d) 362.

■ Dotson testified that he had told appellant that he worked for West Coast Fish Company and had authority to take the tuna. This testimony was not collateral because it was part of the state's case to prove the unlawfulness of the taking in that Dotson had not been employed by the company.

The untruth of Dotson's statement to appellant also supported the uncontested presumption that anyone who unlawfully enters a building does so with the intent to commit some crime therein. That, too, was an independent purpose. The owner's testimony on recall was, therefore, properly admitted.

■ Appellant's second contention is also without merit. There was sufficient evidence to warrant the jury finding that appellant had the requisite intent beyond a reasonable doubt. Even if full credit were given to Dotson's testimony, the facts established justify the jury's inference that Winters intended to commit the crimes.

For example: Dotson testified that he told Winters that he had the authority to *sell* the fish for West Coast Fish Company. The subsequent acts of both Winters and Dotson were clearly inconsistent therewith, particularly the act of exchanging some of the tuna for a bottle of whisky.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.