[No. 218-41133-3.   Division Three.   October 30, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD HANNIGAN, *Appellant.*

*C. James Lust* (of *Hanson & Lust*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Thomas Dietzen, Deputy,* for respondent.

EVANS, C. J.—Defendant appeals from his conviction of the crime of grand larceny by check. Defendant's counsel, who was appointed to represent him on appeal, has filed a motion requesting permission to withdraw as counsel in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Counsel's motion is based upon his opinion that "any appeal would be without merit and frivolous."

Defendant was furnished with a copy of the motion and brief and informed that he had a right to submit a pro se brief if he desired. None was filed. Counsel, in his brief, set forth four issues which might arguably support an appeal.

After reading the brief and the testimony at trial we find no other possible issues than those designated by counsel.

■ Defendant first challenges the sufficiency of the evidence to establish the element of intent to defraud. We find substantial evidence in the record to establish that the defendant did have a fraudulent intent when he cashed the check in question. Where there is substantial evidence to prove a crime and defendant's commission of it, the jury is the sole and exclusive judge of the evidence and its verdict is conclusive as to the facts. *State v. Jackson,* 72 Wn.2d 50, 62, 431 P.2d 615 (1967); *State v. Gregory,* 73 Wn.2d 537, 541, 439 P.2d 400 (1968).

■ Defendant next assigns error to the admission of other worthless checks issued at or about the same time as the one upon which the prosecution was based. This contention has been answered by the Supreme Court in *State v. Scherer,* 77 Wn.2d 345, 351, 462 P.2d 549 (1969), wherein the court stated:

> We have held that evidence that other worthless checks were issued at about the same time as those upon which the prosecution is based is relevant and competent to show a general plan of operations, as well as knowledge that the checks would not be paid upon presentation. *State v. Bradley, supra* [190 Wash. 538, 69 P.2d 819 (1937)]. We have also held that such evidence is competent to prove intent. *State v. Jeane,* 35 Wn.2d 423, 213 P.2d 633 (1950). The fact that the evidence tends to show the commission of other crimes does not render it incompetent if it is otherwise material and relevant. *State v. Jeane, supra.*

■ Defendant next contends there was no testimony establishing that the value of the rifle obtained by the check exceeded $25 in value. Defendant did not raise the issue of value at any time during the trial. He admitted he obtained a .308 Savage rifle with a retail price of $188.96 by means of the check in question, his defense being that he had no intent to defraud. Issues not raised at the trial level will not be considered for the first time on appeal. *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969).

■ Defendant finally assigns error to the failure of the trial court to give the following instruction:

> You are instructed that if you find from the evidence that the defendant had reasonable expectations of payment and did not intend to defraud Bi Mart, such would constitute a defense to this charge and you should return a verdict of not guilty.

A negative instruction is one which sets forth matters which will not support a conviction. Negative instructions need not be given. *State v. Gunderson,* 74 Wn.2d 226, 444 P.2d 156 (1968).

No valid issues on the merits are presented by the record. The appeal is frivolous.

Counsel's requested permission to withdraw is granted. The appeal is dismissed and the judgment and sentence stands affirmed. See *State v. Chamberlain,* 76 Wn.2d 818, 455 P.2d 375 (1969); *State v. Wade,* 76 Wn.2d 247, 456 P.2d 343 (1969); *State v. Loftin,* 76 Wn.2d 350, 458 P.2d 29 (1969).

It is so ordered.

GREEN and MUNSON, JJ., concur.