[No. 10,726.—In Bank.]
October 12, 1882.

## THE PEOPLE v. ROBERT M. DARR.

NEW TRIAL—APPEAL—CIRCUMSTANTIAL EVIDENCE.—*Held:* The evidence was not so clearly insufficient to justify the verdict, as to justify this Court in reversing the order denying a motion for a new trial on that ground.

JURY—CHALLENGE TO PANEL.—It is not error to disallow a challenge to a panel of jurors composed of persons summoned by order of the Court from the bystanders, where the challenge is not based upon any of the grounds specified in the Code.

DEPUTY OF DISTRICT ATTORNEY—INFORMATION—SIGNATURE.—It is sufficient if the name of the District Attorney be subscribed to the information by his deputy.

SWEARING OF JUROR—PRESUMPTION IN FAVOR OF REGULARITY.—It will be presumed that a juror was duly sworn, where it does not appear from the record to the contrary.

APPEAL from a judgment of conviction, and from an order denying a motion for a new trial, in the Superior Court of the County of Mendocino. McGARVEY, J.

*J. A. Cooper*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

. The COURT:

The evidence upon which the defendant was convicted, was of that kind commonly denominated " circumstantial," but it was not so clearly insufficient to justify the verdict as to justify this Court in reversing the order denying the motion for a new trial on that ground.

The challenge to the panel of jurors composed of persons summoned by order of the Court from the bystanders, was not based upon any of the grounds specified in the Code, and therefore it was not error to disallow it.

The name of the District Attorney was subscribed to the information by his deputy. That was sufficient. It does not positively appear whether or not the juror McPeak was sworn to try the cause. So long as it does not appear that he was not sworn, it is safe to presume that the Court performed its duty. Taken as a whole, we think that the instructions given to the jury fairly stated the law applicable to the case.

Judgment and order affirmed.