[No. 215. Decided November 20, 1891.]

CHARLES R. HAMMOND, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

INFORMATIONS—SUBSCRIPTION BY PROSECUTING ATTORNEY—VERIFICA-
TION—AFFIDAVIT—WAIVER OF OBJECTIONS.

Under ¿ 2142, Code 1881, providing that each prosecuting attorney may appoint deputies, not exceeding two, who shall have the same power in all respects as their principals, a deputy prosecuting attorney has the power to subscribe his principal's name to an information.

The verification of the information by the deputy prosecuting attorney is sufficient, under Laws 1889–90, p. 100, and the fact that in the body of the affidavit he is described as prosecuting attorney instead of deputy, is immaterial.

Where defendant goes to trial without making any objection to the irregularity or insufficiency. of the verification to an information, he cannot raise the question in the supreme court.

No affidavit is required as a basis for an information when the information itself recites sufficient facts to bring the case within the provisions of ¿ 1, subd. 4 of the act of January 29, 1890 (Laws 1889–90, p. 100).

*Appeal from Superior Court King County.*

The defendant, Charles R. Hammond, was convicted of the crime of grand larceny upon the following information:

"Whereas, a public offense, to wit, the crime of grand larceny, has been committed by the above named defendant; and whereas, the said defendant is not now under indictment therefor; and whereas, the above entitled court is now in session; and whereas, there is now no grand jury in session in said King county: Therefore, on this ninth day of

December, A. D. 1890, comes E. M. Carr, as prosecuting attorney for King county, in the State of Washington, and files his information against the said defendant in manner and form following, to wit: Charles R. Hammond is accused by E. M. Carr, as prosecuting attorney for King county, in the State of Washington, by this information, of the crime of grand larceny, committed as follows: The said Charles R. Hammond, on the first day of October, A. D. 1890, in the county of King, in the state aforesaid, then and there being, one sealskin sacque, three-quarter length, lined with brown surah silk, and having sealskin covered buttons, of the value of two hundred and fifty dollars, and one lady's gold huntingcase watch and gold chain, of the value of seventy-five dollars ; and all of the aggregate value of three hundred and twenty-five dollars, and of the value of more than thirty dollars, of the personal goods and property of one Augusta Simons, did then and there unlawfully and feloniously steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Washington. Dated at Seattle, in said county and state, this ninth day of December, A. D. 1890.

E. M. CARR,
*Prosecuting Attorney.*
By CHAS. F. FISHBACK,
*Deputy Prosecuting Attorney.*

" STATE OF WASHINGTON, COUNTY OF KING, ss.:

" Charles F. Fishback, being first duly sworn, on oath, says that he is prosecuting attorney for said county, and that the foregoing information is true."

CHARLES F. FISHBACK.

" Subscribed and sworn to before me, this ninth day of December, 1890.—M. M. Holmes, *Clerk of said Superior Court.*"

*Thompson, Edsen & Humphries,* for appellant.

*John F Miller,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

ANDERS, C. J.—Appellant was convicted of the crime of grand larceny, and sentenced to serve a term of two years in

the state penitentiary.  He now asks a reversal of the judgment on the sole ground of alleged insufficiency of the information upon which he was tried.  The objections to the information are that it is not signed or verified by the prosecuting attorney, and does not purport to be signed or verified by him, and that it is not accompanied by any affidavit.  Section 2 of the act of January 29, 1890 (Laws 1889–90, p. 100), provides that the information shall be subscribed by the prosecuting attorney.  In this case it is not contended that the prosecuting attorney's name is not subscribed to the information.  But, inasmuch as it appears to have been placed there, not by himself but by his deputy, it is claimed by counsel for appellant that the signature is of no avail, and that the information is consequently void.  Section 2142 of the Code of Washington provides that each prosecuting attorney may appoint one or more deputies, not to exceed two, who shall have the same power in all respects as their principals.  Under this statute the deputy prosecuting attorney evidently had the power to subscribe his principal's name to the information, and, having done so, we have no doubt as to the sufficiency of the subscription.  This same question was raised in *Stout v. State*, 93 Ind. 150, and in *People v. Darr*, 61 Cal. 554; and in each of these cases the court held that, if the prosecuting attorney's name be subscribed to the information by his deputy, it is sufficient; and we do not think that any court would rule differently under a statute at all similar to ours.

The information now under consideration was verified by the same individual whose name is subscribed thereto as deputy prosecuting attorney, and who, as is shown by the record, acted as such at the trial in the superior court, but in the body of the affidavit he is described as prosecuting attorney instead of deputy.  Counsel for appellant therefore insist, and with some degree of plausibility, that, if af-

fiant was not prosecuting attorney at that time, the affidavit is false upon its face, and insufficient; and that on the contrary, if he was prosecuting attorney, then the information was not properly subscribed and is consequently void. The argument would not be without force if the law imposed upon the prosecuting attorney the duty of verifying all informations filed by him. But it does not. The verification may be made by the " prosecuting attorney, complainant, or some other person." Laws 1889–90, p. 101, § 3. No doubt the word " deputy" was inadvertently omitted from the affidavit, but if it were inserted it would make no difference; for all the words descriptive of the capacity or character of the affiant may be entirely disregarded, and the verification will still be sufficient. Moreover, in this case, appellant entered his plea of not guilty and went to trial without making any objection to the verification; and it has been held, and, as it seems to us, with good reason, that under such circumstances defendant cannot be heard to question the verification of the information on the ground of irregularity or insufficiency for the first time in the appellate court. See *State v. Otey*, 7 Kan. 69; *State v. Adams*, 20 Kan. 318; *State v. Blackman*, 32 Kan. 615 (5 Pac. Rep. 173). The only object of the verification is to insure good faith in instituting the proceedings. It bears the same relation to an information in a criminal action that it does to a complaint in a civil action. It is no substantial part of either the one or the other, and we see no reason why it may not be waved without prejudice to any substantial right of the defendant, or why he should not be held to have waved any irregularity or defect therein by not objecting before pleading to the merits.

The objection that the information is not accompanied by, or based upon, an affidavit, is also untenable. The information itself recites sufficient facts to bring the case within the provisions of subdivision 4 of § 1 of the said act

of January 29, 1890, and therefore no affidavit was required as a basis for the information.

The judgment of the court below is affirmed.

SCOTT, HOYT, DUNBAR and STILES, JJ., concur.