[No. 9673.   Department Two.   January 16, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED L. STONE, *Appellant*.[1]

INDICTMENT AND INFORMATION—VERIFICATION—WAIVER OF OBJECTION. The objection that an information was not reverified after it was amended is waived where the defendant demurred to the amended information and was later arraigned and pleaded not guilty without raising the objection as to the verification until after verdict.

PROSTITUTION—PLACING FEMALE IN HOUSE—EVIDENCE—CORROBORATION—SUFFICIENCY. Upon a trial for placing a female in charge of another for the purposes of prostitution, the evidence of the prosecutrix that defendant took her to his house and introduced her to his wife and that she stayed there several weeks as a prostitute, is sufficiently corroborated, as required by Rem. & Bal. Code, § 2443, where several witnesses testified that the house was a house of prostitution conducted by the defendant and his wife.

SAME—PREVIOUS UNCHASTITY—EVIDENCE—MATERIALITY. Upon a prosecution for placing a female in charge of another for the purposes of prostitution, the previous unchastity of the prosecutrix is not material, except as affecting her credibility as a witness.

CRIMINAL LAW—APPEAL—REVIEW—WAIVER OF OBJECTION. Where the accused withdrew objections to testimony expecting the answers to be favorable, he cannot predicate error thereon.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR. Error in excluding a question as to whether the defendant prevented a female from leaving a house of prostitution is cured by permitting her to answer whether any one had done so.

PROSTITUTION—PLACING FEMALE IN HOUSE—ELEMENTS OF OFFENSE. Physical restraint is not an essential element of the crime of placing a female in a house of prostitution.

PROSTITUTION — PLACING FEMALE IN HOUSE — EVIDENCE — COMPETENCY. Upon a prosecution for placing a female in charge of another for the purpose of prostitution, evidence tending to show the character of the house as a house of prostitution is competent.

WITNESSES—IMPEACHMENT—CONVICTION OF WITNESS. Under Rem. & Bal. Code, 2290, it is competent to show on cross-examination that a witness for the accused had been convicted of disorderly conduct, as affecting her credibility.

[1] Reported in 120 Pac. 76.

CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE.  On rebuttal, it
is competent to show facts that would have been competent on the
state's case in chief, where the specific matter was first gone into
and denied on cross-examination of a witness for the defense.

WITNESSES—IMPEACHMENT—COLLATERAL ISSUES—PREJUDICE.  In a
prosecution for placing a female in a house of prostitution, in which
the defendant's wife testified as to the good character of the house,
and denied on cross-examination that she had stated to a collector
that she had two girls in the house, it is error to impeach her by
the testimony of the collector that she had made the statement,
but only after moving to another house; since it is error requiring
a reversal to allow one of the witnesses for the defendant to be
impeached upon a collateral matter, and by an impeaching question
that did not correspond with the impeaching evidence, the matter
not relating to the offense charged and being incompetent and ex-
tremely prejudicial.

Appeal from a judgment of the superior court for What-
com county, Kellogg, J., entered March 30, 1911, upon a
trial and conviction of placing a female in the charge of
another for the purposes of prostitution.   Reversed.

*John R. Crites,* for appellant.

*Frank W. Bixby* and *H. C. Thompson,* for respondent.

ELLIS, J.—The appellant was convicted under an infor-
mation reading as follows:

"Then and there being the said defendant Fred L. Stone,
at Bellingham, Whatcom county, Washington, on or about
the 5th day of October, 1910, did feloniously and unlawfully
place a female named Delema Le Comte in the charge of an-
other person, his wife, Belle Stone, for immoral purposes
to wit: for the purposes of prostitution, *with intent that she,
the said Delema LeComte, should live a life of prostitution.*"

With the exception of the italicized words, the informa-
tion was sworn to by the county attorney on March 1, 1911.
A demurrer to the information was sustained on March 7,
1911.   It was then amended by adding the italicized clause,
but not reverified.   After the jury was empaneled a second
demurrer was interposed and overruled.   The appellant was
then arraigned and entered a plea of not guilty, the jury

was sworn and trial had resulting in a verdict of guilty. Motions for new trial and in arrest of judgment were over-ruled, and judgment and sentence pronounced by the court, from which this appeal was prosecuted.

Appellant first contends that the court erred in overruling the demurrer to the amended information, and in overruling the motion in arrest of judgment. It is claimed that the failure to reverify the information was fatal, in that Rem. & Bal. Code, § 2051, requires that all informations shall be verified. Reliance is placed upon the case of *State v. Van Cleve*, 5 Wash. 642, 32 Pac. 461, in which this court held that when an information has been amended in a material allegation it must be reverified. In that case, however, the amendment was in a vital particular and was made after a plea of not guilty and after the commencement of the trial. The defendant had no opportunity to object to the amended information or to enter any plea thereto. This is not the case here. The appellant's demurrer to the amended information raised the question of its legal sufficiency to charge the crime sought to be charged, but it did not raise any objection that it was not reverified nor was this objection raised in any other manner. The record shows that appellant was arraigned and waived a reading of the information, and without further objection pleaded "not guilty." By so doing he waived the objection now urged.

"The only object of the verification is to insure good faith in instituting the proceedings. It bears the same relation to an information in a criminal action that it does to a complaint in a civil action. It is no substantial part of either the one or the other, and we see no reason why it may not be waived without prejudice to any substantial right of the defendant, or why he should not be held to have waived any irregularity or defect therein by not objecting before pleading to the merits." *Hammond v. State*, 3 Wash. 171, 28 Pac. 334.

It is next claimed that the court erred in denying appellant's motion for an instructed verdict for the reason that there was no competent evidence corroborating that of the prosecuting witness, as required by Rem. & Bal. Code, § 2443. She testified that appellant took her to the Melrose House, of which defendant and his wife were proprietors, and introduced her to his wife; that immediately his wife and another female inmate of the house explained to her how easily she could make money and wear pretty clothes, in effect proposing to her, in defendant's presence, a life of prostitution; that defendant said "Yes, Eliza makes lots of money here, and Minnie went away with $375;" that another man came in while defendant was present; that when she suggested that she must go home, defendant's wife said, "No you are not going home, you might as well stay here;" and sent defendant for the witness' nightgown; that while he was gone, the witness, on the urgent demand of defendant's wife, went to a room with the other man where her downfall occurred; that on defendant's return, his wife told him the girl had already made $2 and he said, "That is good;" that thereafter, for three or four weeks while she remained at the house, she continued at different times to go to the room with men and practice sexual intercourse with them; that while there she paid $8 a week for her room, and that during all this time appellant was there nearly every day, often in the evenings, and took his meals there, ate at the same table with the prosecuting witness, and sometimes saw men go to the room with her. This, if there was any evidence corroborating it, was amply sufficient to establish the crime charged against the appellant. The corroboration chiefly relied on was the testimony of several witnesses that the Melrose House had the reputation of being a house of prostitution. Clearly this evidence was competent for that purpose. The house was conducted by the appellant and his wife. If it was a house of prostitution he knew that fact when he took the girl there. *State v. Ilomaki*, 40 Wash.

629, 82 Pac. 873. The evidence as to the character of the house was competent as showing his purpose in taking her there and placing her in charge of his wife. On a charge such as the one before us, the character of the house in which the female is placed and of the person in whose custody she is placed are put in issue by the statute.

In further corroboration a witness for the state testified to hearing a conversation between the prosecuting witness and another inmate of the house showing clearly the bad character of the house. This is also assigned as error. Counsel for appellant at first objected to the questions on the ground that appellant was not present when the conversation took place. The court evinced an intention to sustain the objections, but when it became apparent that the witness was reluctant to testify, the objection was withdrawn, obviously in the belief that the answers would be adverse to the state. This was a chance voluntarily taken by appellant, and he cannot now successfully predicate error upon the fact that the answers, contrary to expectation, were adverse to him. Moreover, the evidence was emphasized by appellant's cross-examination. All of this evidence was corroborative and competent. Its weight was for the jury.

On cross-examination the prosecuting witness denied having stated to a policeman that she was married, that her husband's name was Settles, and that they lived together at the Beck Hotel in Bellingham. On motion of the state to strike this, the court said that, if he considered it material, he would strike it but it was immaterial. This is assigned as error. The court, however, afterwards admitted this very matter over the state's objection and also much other evidence of the same kind. The obvious purpose of this evidence was to prove prior specific instances of unchastity. Previous chaste character is not made an issuable fact by the statute. In cases of this kind, evidence of specific instances of unchastity is therefore inadmissible. The only competent evidence of this nature is that of prior general reputation

of the prosecuting witness for unchastity, particularly as bearing upon her credibility, and the introduction of that evidence was afterwards permitted. 33 Cyc. 1482; *State v. Coella*, 3 Wash. 99, 28 Pac. 28; *State v. Workman, ante* p. 292, 119 Pac. 751.

The court sustained an objection to the question, asked on cross-examination of the prosecuting witness as to whether appellant ever kept her from going where she pleased while she was at the Melrose House. This is assigned as error. The very next question, however, was as to whether *any one* kept her from going where she pleased during that time, and the court required her to answer it over the state's objection. Manifestly, if there was any error in the exclusion of the first question it was amply cured by permitting the second. Actual physical restraint is not essential to the crime. Proof of moral restraint or persuasion is all that can be reasonably required.

On redirect examination, the court permitted the prosecuting witness to state, over appellant's objection, that the appellant's wife told her in case a policeman called and asked what she was doing there, to say that she was agent for toilet articles. While this was not in the appellant's presence it was competent as tending to show the character of the house conducted by the appellant and his wife while the witness was there. Its weight was for the jury.

On cross-examination of one of appellant's witnesses, she was compelled to admit that she had been convicted of disorderly conduct. Appellant contends that this could only be proved by the record of her conviction, citing *State v. Payne*, 6 Wash. 563, 34 Pac. 317. This was not an issue in the case but merely went to the credibility of the witness. The evidence was competent for that purpose, being expressly made so by § 38 of the criminal code of 1909. Rem. & Bal. Code, § 2290. *State v. Blaine*, 64 Wash. 122, 116 Pac. 660. The rule stated in *State v. Payne, supra*, is no longer applicable.

On cross-examination, the wife of appellant was asked whether the prosecuting witness while at the Melrose House sold beer for her on commission. She denied this. On rebuttal, the state was permitted, over appellant's objection to introduce testimony of the prosecuting witness that she and another inmate of the house did sell beer on commission for appellant's wife. This is assigned as error on the ground that, if admissible at all, it was a part of the state's case in chief. It is manifest that this would have been competent evidence as a part of the prosecution in chief, as tending to show the character of the person in whose custody the appellant had placed the girl, and also the character of the house conducted by that person. While the specific matter was first gone into and denied on cross-examination, it related to a relevant and material matter on the trial, namely, the character of the woman and the character of the house kept by her, and not to a purely collateral matter. It was therefore proper to permit evidence in contradiction on rebuttal. Being material to the issue on the trial, it was not obnoxious to the rule that the cross-examining party is concluded by the answer which the witness gives to a question concerning a collateral matter. Volume 10, Ency. Plead. & Prac., pp. 295, 296, after stating the rule, continues:

"The test as to whether a matter is collateral within the meaning of the rule is this: that the cross-examining party be entitled to prove it in support of his case."

Under this test the evidence complained of was clearly admissible. *Staser v. Hogan*, 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Johnson v. State*, 22 Tex. App. 206, 2 S. W. 609.

The prosecution was permitted on cross-examination to ask appellant's wife, for the purpose of impeachment, whether she had not, sometime in November, said to a certain collector for the Home Telephone Company that she had two girls in the house (by plain inference referring to the Melrose) and other girls that she could get on short notice if

he wanted to come up. She denied this. The collector was called on rebuttal and testified that the conversation occurred in the latter part of November, and related to a house then kept by her on Champion street sometime after she had removed from the Melrose. The admission of this evidence was error. The impeaching question did not correspond with the impeaching evidence. It was not directed to the Champion street house nor to a time subsequent to the removal from the Melrose House. Moreover, had the impeaching question been sufficient, the evidence of the collector was obnoxious to the rule above stated. It would not have been admissible as a part of the state's case in chief, since it referred to a time subsequent to anything connected with the crime charged and to a different house from the Melrose. It related to a collateral matter first opened and denied on cross-examination. As said in *State v. Carpenter*, 32 Wash. 254, 73 Pac. 357:

"No rule is better settled than the one that a cross-examining party is concluded by the answer which a witness makes to a question pertaining to a collateral matter. To such answers no contradiction is allowed, even for the purpose of impeaching the witness."

See, also, *Wharton v. Tacoma Fir Door Co.*, 58 Wash. 124, 107 Pac. 1057; *State v. McLain*, 43 Wash. 267, 86 Pac. 390; *Kirk v. Seattle Elec. Co.*, 58 Wash. 283, 108 Pac. 604, 31 L. R. A. (N. S.) 991; 10 Ency. Plead. & Prac., p. 294; *Williams v. State*, 73 Miss. 820, 19 South. 826; *Welch v. State*, 104 Ind. 347, 3 N. E. 850; *Hildeburn v. Curran*, 65 Pa. St. 59. Incompetent and extremely prejudicial evidence was thus admitted. The appellant may be guilty, but he was entitled to a fair trial under the well established rules of law.

For this error, the judgment must be reversed and the cause remanded for a new trial.

DUNBAR, C. J., MORRIS, CHADWICK, and CROW, JJ., concur.