[No. 18562.  *En Banc.*  April 14, 1925.]

THE CITY OF SEATTLE, *Respondent,* v. W. E. JORDAN, *Appellant.*[1]

INDICTMENT AND INFORMATION (34)—REQUISITES—CERTAINTY AND DEFINITENESS. A complaint alleging that defendant engaged in disorderly conduct tending to disturb the public peace is not sufficiently definite and certain to charge the violation of an ordinance making it unlawful for any person to be guilty of fighting, drunkenness, or conduct tending to disturb the public peace or to use profane language or to engage in any act disturbing the peace or debauching public morals.

SAME (83)—MOTION TO QUASH—TIME FOR MAKING. An objection to a complaint in the superior court for lack of sufficient definiteness and certainty to state a crime may be made at any time before final judgment (BRIDGES, MAIN, and MITCHELL, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 1, 1923, upon a trial and conviction of a misdemeanor. Reversed.

*Crowder & Crowder,* for appellant.

*Thomas J. L. Kennedy, Ray Dumett,* and *A. C. Van Soelen,* for respondent.

MACKINTOSH, J.—The appellant was found guilty of the alleged crime of disorderly conduct, in violation of ordinance No. 16,046, §§ 1 and 61, of the city of Seattle. From the judgment and sentence upon the verdict, this appeal is taken.

The provisions of the ordinance in question provide as follows:

"Section 1. It shall be unlawful for any person to be guilty of fighting, drunkenness or of riotous or disorderly conduct, or of conduct tending to disturb the public peace, or to use any profane or abusive lan-

[1] Reported in 235 Pac. 6.

guage, or to engage in any act or practice whereby the peace or quiet of the city may be disturbed, or to use any obscene language or be guilty of any indecent or immoral act, practice or conduct tending to debauch the public morals."

"Section 61. Any person violating or failing to comply with any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine in any sum not exceeding one hundred ($100) dollars or by imprisonment in the city jail not exceeding thirty (30) days or by both such fine and imprisonment."

Appellant was first found guilty in the police court, and upon an appeal to the superior court, before evidence was taken, moved to quash the complaint. The motion was denied and an exception allowed.

The complaint charged the offense in the following language:

"That on the 4th day of June, 1923, at the City of Seattle, in said King county, Washington, the said defendant did commit a misdemeanor—disorderly conduct—as follows, to-wit: Then and there being the said defendant did wilfully and unlawfully engage in disorderly conduct tending to disturb the public peace and debauch the public morals. . .''

At the close of the testimony, the appellant again questioned the sufficiency of the complaint and moved for a new trial, which motion was denied.

It is the contention of the appellant that the complaint fails to charge an offense. It merely charges that appellant was guilty of conduct tending to disturb the public peace, without alleging any specific act to enable appellant to know the nature of the offense charged, relying upon the case of *Fink v. City of Milwaukee,* 17 Wis. 27. In that case the defendant was charged with the offense of disorderly conduct, and the supreme court of Wisconsin said:

"It will be seen that this ordinance provides for the punishment of five distinct offenses, and it is impossible to determine from the complaint with which one the party was charged. Was it for being intoxicated? . . . or was it for disorderly conduct? It is impossible to say which. . . it is an elementary rule of criminal law, that not only must all the facts and circumstances which constitute the offense be stated in an indictment, but they must be stated with such certainty and precision that the defendant may be enabled to judge whether they constitute an indictable offense or not, in order that he may demur or plead to the indictment accordingly, prepare his defense and be able to plead the conviction or acquittal in bar of another prosecution for the same offense."

In the case of *City of Huntington v. Pease,* 56 Ind. 305, the court said:

". . . stripped of all introductory or formal . . . matter, the charge is that the appellee violated a certain section of a certain ordinance of the City of Huntington, . . . by unlawfully violating the provisions of the same. It will be seen, that the complaint fails to state the acts done, or omitted to be done, by the appellee, which amount to a violation. . . In fact, nothing is stated but a conclusion, drawn from the facts which are not set out. It is very clear, we think, that appellant's complaint, in this case is wholly insufficient."

It is the contention of respondent that appellant was charged with but one offense under the ordinance, that of disorderly conduct, and that all the other offenses mentioned under the ordinance are separate offenses, and that the complaint is sufficient under the rule announced in the case of *State v. Brower,* 75 Kan. 823, 88 Pac. 884, wherein the defendant was charged with the offense of "disturbing the peace and quiet of the prosecuting witness." Upon the denial of the motion to quash the complaint, the court said:

"It is conceded that the offense is charged in the language. of the statute defining the offense, but it is contended that this is not sufficient, that the particular facts and illegal acts should be charged, that the defendant may be the better enabled to prepare his defense. In some jurisdictions this has been held requisite, but in this state, especially since the decision, in 1890, of *State v. Craddock,* 44 Kan. 489, 24 Pac. 949, the practice of charging misdemeanors in the language of the statute which defines the offense has been recognized."

It is also contended that an information or complaint in the language of the statute is sufficiently alleged.

"The offense charged is statutory, and unknown to the common law. The information which charges a statutory offense in the language of the statute, or in words of similar import, is sufficient." *State v. Williams,* 73 Wash. 678, 132 Pac. 415.

It is also claimed by respondent that since there is no definite, certain and generally accepted definition of the term disorderly conduct, it is left to the opinion of the magistrate to determine whether or not the particular act complained of is within the charge of disorderly conduct. 18 C. J. 1216, 1217.

In this state, in order for the complaint, indictment or information to be sufficient, the act or omission charged as a crime must clearly and distinctly be set forth in ordinary and concise language in such a manner as .to enable a person of common understanding to know what is charged. Section 9281, Pierce's Code; § 2065, Rem. Comp. Stat. Certainly the complaint is not sufficient under this rule.

It is next contended that appellant waived his right to attack the sufficiency of the complaint by failing to move against or demur thereto prior to the time of trial, relying upon *State v. Strange,* 50 Wash. 321, 97 Pac. 233, wherein the court said:

2—134 WASH.

"A defendant in a criminal case should not be permitted to put a county and the state to the expense of preparing for a trial and then spring an objection that might and should have been interposed prior to the incurring of such expense."

And the case of *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645, wherein it was held:

"While the court should not permit a defendant to be tried or convicted upon an insufficient indictment or information, if properly objected to, it is but just to the state that it have notice of the particular objections which may be interposed to the accusation set forth in the information, and an opportunity to meet them in an orderly manner. This cannot be said to be the case where objections of this character are interposed at the trial."

These cases refer, however, to the sufficiency of the indictment or information as to form, and do not apply to a case wherein the complaint fails to state a crime. An objection to the sufficiency in this regard may be made at any time before final judgment. *Blanton v. State,* 1 Wash. 265, 24 Pac. 439.

Respondent also says:

"It is the accepted rule that in prosecutions for misdemeanors based upon complaints filed in the police court of a city a greater liberality of pleading the violation of such ordinances obtains than in an indictment or information setting forth the violation of the statutes of the state."

In support of this contention respondent relies upon the case of *State v. Koerner,* 103 Wash. 516, 175 Pac. 175.

It is probably a fact that, in the prosecution in the police court, the statutory requirements are often disregarded, but when the case reaches the superior court, objections may be made and should be sustained if the complaint fails to comply with the law. The motion of appellant should have been granted.

This ordinance declares a number of different acts to be unlawful and includes among them the offense of disorderly conduct. The term "disorderly conduct" as used in this ordinance has no well defined meaning. One charged with this offense, in the words of the ordinance alone, would have no knowledge of the nature of the offense charged. The complaint is insufficient.

The judgment is reversed, and the cause remanded with directions to the superior court to set aside the judgment of the police court.

TOLMAN, C. J., HOLCOMB, ASKREN, FULLERTON, and PARKER, JJ., concur.

BRIDGES, J. (dissenting)—I concede that the complaint in this case is defective and that it would be subject to a motion to make more definite and certain, or probably to a motion to quash because of its indefiniteness. Under our previous decisions, cited in the court's opinion, objections to any information which fails to state any offense may be made at any time, but objections to the sufficiency or definiteness of an information or complaint must be made before the case is called for trial. While this complaint is defective, I think it states a crime. If so, it was appellant's duty to raise his objections before the case was called for trial. Not having done so, I think he has waived them. I dissent.

MAIN and MITCHELL, JJ., concur with BRIDGES, J.