[Crim. No. 1479. Second Appellate District, Division Two.—June 20, 1927.]

THE PEOPLE, Respondent, v. WILLIAM B. STONE, Appellant.

Walter C. Davison for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

WORKS, P. J.—Defendants were charged with conspiring, as members of an election board, "wilfully, unlawfully and feloniously . . . to add to the votes cast in favor of" a proposition balloted upon at the election during which the board sat, and "to subtract from the votes cast against" the proposition, in the official returns of the election. The crime which it was alleged defendants conspired to commit is denounced by section 51 of the Penal Code. Defendant Emerich pleaded guilty and defendant Stone was convicted after a plea of not guilty. The latter appeals from the judgment and from an order of the trial court denying his motion for a new trial.

Appellant contends that the trial court erred in giving to the jury an instruction which read in part: "In this case there is no specific intent involved, and it is not necessary for the State to prove that an act was done with the intent of affecting the result of the election or of injuring anyone, or of committing any crime. The charge against the defendants makes no mention of any particular intent. The use of the word 'wilfully' implies simply a purpose or willingness to commit the act referred to, but it does not require any intention to violate the law or to injure another or to acquire any advantage."

It is provided by section 51 of the Penal Code that "Every person who wilfully adds to, or subtracts from, the

votes actually cast at an election, in any official or unofficial returns" is punishable in a certain manner. The assailed instruction was properly given, as it was practically in the language of subdivision 1 of section 7 of the Penal Code. See *People* v. *O'Brien*, 96 Cal. 171 [31 Pac. 45]; *People* v. *Dillon*, 199 Cal. 1 [248 Pac. 230]. Appellant relies on *People* v. *Eagan*, 116 Cal. 287 [48 Pac. 120], but that case is not in point.

■ Appellant insists that the evidence was insufficient to support the verdict returned against him. In the precinct in which sat the election board of which appellant was a member, 107 ballots were cast in favor of the proposition voted upon and 30 against it. The board returned that 137 votes were cast in favor of it, with no adverse votes. The board was composed of two clerks, besides defendant Emerich, who was an inspector, and appellant, who was a judge of election. Throughout the count the tally lists were handled by the clerks, and they each testified at the trial that they correctly tallied the votes as they were called to them. Emerich "called off" the ballots until only twenty to thirty remained, when appellant relieved him and "called off" those that were left. Neither Emerich nor appellant called any votes in opposition to the proposition to which we have referred. While Emerich was announcing the result of the ballots "called off" by him appellant was "stringing" them one by one as Emerich handed them to him after they had been tallied. Appellant testified that he had served on election boards before serving on the one whose operations are now in question, that he knew that it was his duty to examine the counted ballots as Emerich passed them to him in order to see that no mistakes were made, and that he did examine at least two-thirds of those which Emerich handed to him, before "stringing" them. He testified further: "Q. Did any of those ballots that you looked at, have 'No' votes registered? A. I think they did, the best I remember. Q. Did some of them have 'Yes' votes registered? A. Yes, sir."

We think the evidence was sufficient to justify the verdict. Appellant "called off" at least twenty ballots. Of the remaining 117 he examined at least two-thirds, or 78. He saw, then, all told, what was on 98 of the 137 votes cast.

It is inconceivable that he did not inspect many of the 30 ballots which registered "No" votes. In truth, he testified that he saw some such ballots. From the fact that appellant did not correct the erroneous announcements of the results of votes by Emerich, the jury was justified in concluding that there was an illicit concord—a conspiracy—between them. On this point, also, appellant relies on *People* v. *Eagan, supra*. The facts appearing here are quite different from those shown in that case.

Judgment and order affirmed.

Craig J., and Thompson, J., concurred.