[No. 27158. Department One. August 10, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. CECIL V. TAYLOR, *Appellant.*[1]

*Wm. P. Lord* and *Dale McMullen,* for appellant.

*Eugene G. Cushing* and *R. DeWitt Jones,* for respondent.

MAIN, J.—In the amended information upon which the defendant was tried, there are four counts, separately stated. In each, the defendant was charged with "negligent homicide by means of a motor vehicle," as that crime is defined in § 120 of chapter 189 of the

[1]Reported in 81 P. (2d) 853.

Laws of 1937, p. 911 (Rem. Rev. Stat., Vol. 7A, § 6360-120 [P. C. § 2696-878]). At the conclusion of the evidence offered upon the trial, the defendant moved for a directed verdict, which motion was denied. The case was submitted to the jury, and he was found guilty on each of the four counts. The motion for a new trial being overruled, the appeal is from the judgment and sentence.

The facts will only be stated to the extent that it is necessary to present the questions here for determination.

The accident which gave rise to the prosecution happened on the Evergreen highway, in Clark county, about seven or eight miles east of the city of Vancouver. This highway is paved, and extends east and west. Mr. and Mrs. Harry Lewis were traveling east on the highway in a Ford coach. The appellant, Cecil V. Taylor, and Thomas F. Black and Clifford Beeler were traveling west in a Dodge sedan owned by Taylor, the appellant. As the cars approached each other, as stated in the appellant's brief,

". . . the [Dodge] automobile was driven from the north side of the pavement over onto the south half of the pavement and into the Lewis automobile. . . ."

As a result of the collision, Mr. Lewis, Black, and Beeler were killed almost instantly, and Mrs. Lewis died in the hospital the following day. The appellant was rendered unconscious and was taken in an ambulance to a hospital in the city of Vancouver. In the ambulance, one George E. Caine sat beside him. While on the way to the hospital, appellant began to regain consciousness, and, as he did so, began to talk. He repeatedly asked Caine if he was a policeman and received the answer that he was not. In response to a direct question from Caine as to whether he was driv-

ing the Dodge car, he answered that he was not. He also stated that his car was not in the accident and that he was not there.

Not having been seriously injured, the appellant was discharged from the hospital the following morning and was taken to the county jail. Sometime during the forenoon of that day, Victor C. Gault, who was manager of the paper company by which Mr. Lewis was employed, went to the jail to see the appellant with reference to whether there was any insurance upon the Dodge car which could be made available for the benefit of the children of Mr. and Mrs. Lewis. In the sheriff's office, Gault met the deputy prosecuting attorney, not by prearrangement, but incidentally. The latter had gone to the jail to make inquiry from the appellant with reference to the accident.

They entered the room in which the appellant was seated at a table, which room was adjacent to the sheriff's office. Gault made inquiry as to the insurance, stating that he was representing the Lewis children, and a number of questions were asked by either Gault or the deputy prosecuting attorney as to the condition of the car and how the accident happened. In the course of the conversation, Gault said to the appellant:

"Boy, you must have been going some, and he said, 'I was not. I slammed on all my brakes and had her almost stopped when this fellow turned into me.'"

That the appellant made that statement, is supported by the testimony of Gault and the deputy prosecuting attorney. Upon the trial, the appellant testified that what he said at this time was: "We did try to stop."

In the information, the appellant was charged, in separate counts, as already indicated, with having, by the negligent operation of an automobile, caused the

death of each of the four persons who were killed in the accident.

■ It is first contended that the evidence was not sufficient to take the case to the jury on the question of whether the appellant was driving the Dodge automobile at the time of the accident. In this connection, as above appears, the appellant made the definite admission to Gault and the deputy prosecuting attorney that he was. Upon the trial, he denied this, of course. While in the ambulance as he went to the hospital, he stated to Caine that he was not driving it. The question of whether the appellant was driving at the time of the accident is distinctly one for the jury. The fact that he made a contrary statement in the ambulance and that he denied on the trial that he was, does not offset, as a matter of law, the testimony of Gault and the deputy prosecuting attorney as to his admission.

The case of *Jackson v. State*, 12 Okla. Crim. 446, 158 Pac. 292, is relied on as supporting the appellant's contention. In that case, it was held that, where the state calls two witnesses of equal credibility and there is no other evidence in the case and the two witnesses so called testify directly the opposite, the testimony of one offsets the other. There, the court passed upon the credibility of the witnesses, and whatever the rule may be in that state, in this jurisdiction the credibility of the witnesses is a matter for the jury, and not one of law for the court.

■ There is the further contention that the amended information, upon which the appellant was tried, was invalid because it had not been sworn to. This question was not raised in the superior court and is sought to be raised here for the first time. The appellant, having pleaded to the information and gone to trial without any objection to its irregularity or in-

sufficiency, cannot raise the question in this court, as he has attempted to do, for the first time. *Hammond v. State,* 3 Wash. 171, 28 Pac. 334; *State v. Stone,* 66 Wash. 625, 120 Pac. 76.

There is one other assignment of error which is not argued in the briefs, and we shall pass it with the comment that it is without merit.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.