THE STATE OF OHIO *v.* GASNIK.

(No. 83-TRC-106-169—Decided
December 6, 1983.)

Clermont County Court.

*Mr. John R. Dean,* assistant prosecuting attorney, for plaintiff.
*Mr. J. Robert True,* for defendant.

VORIS, J. On September 22, 1983, defendant, Mattcia E. Gasnik, was

observed operating a motor vehicle through the village of Amelia by a village officer. This officer, Patrolman Clark, formed the opinion that the defendant was under the influence. Clark stopped defendant, gave her coordination tests, and gave defendant her *Miranda* warnings.

Near the end of the coordination tests, Officer Miles arrived on the scene. Clark told Miles about the defendant's operating, and her performance on the field sobriety tests, part of which Miles observed. Whereupon Miles or Clark wrote "DUI" after the Uniform Traffic Ticket designated description of the offense and marked a violation of "R.C. 4511.19" in the appropriate place on the ticket. The citation was signed by Miles.

Defendant filed motions to suppress, to quash arrest and to dismiss. Defendant argues that the basis of her motion to quash is that the arrest citation was not lawfully issued. Defendant further asserts that the evidence was, therefore, illegally gathered and should be suppressed. Defendant further asserts that her motion to dismiss should be granted since no offense is stated.

The general rule in Ohio on this issue is that a complaint must state all the essential elements of the offense or it is invalid. In the case of *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215 [9 O.O.3d 368], the Court of Appeals for Cuyahoga County noted that a review of such cases indicated that they were either decided prior to the enactment of the Ohio Traffic Rules or they dealt with indictments. That court went on to hold that the ticket need not contain every element of the offense in its description. The offense in that case dealt with a charge of fleeing and eluding. The *Austin* case points out that in the case of *Solon* v. *Crapser* (March 3, 1977),

Cuyahoga App. No. 35518, unreported, the defendant was charged with "driving while under the influence." That ticket was held not to state a cause of action. Since one may be charged with operating under the influence of drugs and/or alcohol, a reference to the charging statute, as stated, does not inform defendant of which particular offense she is charged. Hence, the language of the ticket marked "DUI," along with the "R.C. 4511.19" designation, is insufficient to advise the defendant of the charge against her.

Additionally, in the case of *Youngstown* v. *Starks* (1982), 4 Ohio App. 3d 269, a traffic ticket describing an offense as "Driving Under the Influence" was held not to state an offense and failed to charge a person with an offense. The only case *contra* this holding is the case of *State* v. *McKinney* (Oct. 21, 1981), Hamilton App. No. C-800922, unreported, which held the letters "DUI" were adequate to advise defendant of the violation charged.

This court disagrees with that latter decision. The penalties for a conviction of operating a motor vehicle under the influence of alcohol and/or drugs are severe enough to require the citing authority to properly charge the defendant with the exact conduct alleged to have occurred. Furthermore, it could make a significant difference to the defendant as to the type of plea entered and the type of proof offered, to name but a few reasons to require proper and accurate descriptions of the offense. From a reading of the citation or the statute, defendant was not informed if she was charged with operating under the influence of drugs or alcohol. Defendant's motion to dismiss is granted.

*Motion to dismiss granted.*