[No. 21893-0-I. Division One. January 23, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. DUNCAN LEACH, *Respondent.*

WILLIAMS, J. Pro Tem., concurs by separate opinion.

*Norm Maleng, Prosecuting Attorney,* and *Scott Peterson, Deputy,* for petitioner.

*Suzanne Elliott* of *Associated Counsel for the Accused,* for respondent.

SWANSON, J.—The State of Washington appeals from a superior court decision reversing respondent Leach's public indecency conviction because the district court complaint failed to set forth the statutory elements of the charged crime. We affirm.

On July 8, 1986, at about 9:45 a.m., Susan Pannell and her 11–year–old daughter were sitting in a parked car near 144th and Petrovsky in Seattle when they observed a man come out of a nearby building, lean against the door, and begin masturbating. While masturbating, the man looked directly at Ms. Pannell and her daughter. Pannell subsequently identified respondent Leach from a photo montage.

Leach was charged in Renton District Court with public indecency pursuant to former RCW 9A.88.010.[1] The complaint, which was prepared by the investigating officer and signed by the prosecuting attorney, provided in pertinent part:

The undersigned certifies and says *[Duncan Leach] . . . Violation Date 7/8/86 Time 9:45 a.m.* Location *14410 SE Petrovsky . . .* did then and there commit each of the following offenses/infractions *. . . RCW 9A.88.010 Public Indecency (see case).*[2]

On October 16, 1986, when the parties appeared for trial, the State maintained that the charge was a gross misdemeanor pursuant to former RCW 9A.88.010(2). After examining the discovery information, the trial court concluded that the charge was subject to a bill of particulars and ruled that the State could proceed under either portion of the statute. The State then moved to amend the charge to a gross misdemeanor.

After Leach stipulated to the facts contained in the police reports, the trial court found him guilty as charged. Upon appeal, the Superior Court reversed, finding that

[t]he State failed to state every statutory element of the charge of public indecency, RCW 9A.88.010, in the complaint filed against appellant. Thus, the complaint is constitutionally defective and the charge against appellant must be dismissed pursuant to the reasoning in *State v. Holt*, 104 Wn.2d 315, 704 P.2d 1189 (1985).

The State appeals from this ruling.

---

[1]Former RCW 9A.88.010 provided:

"Public indecency. (1) A person is guilty of public indecency if he makes any open and obscene exposure of his person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm.

"(2) Public indecency is a misdemeanor unless such person exposes himself to a person under the age of fourteen years in which case indecency is a gross misdemeanor."

[2]The emphasized portions were handwritten; the remainder of the quoted text was preprinted on the complaint form.

██ In *State v. Holt*, 104 Wn.2d 315, 704 P.2d 1189 (1985), our Supreme Court reiterated the long–standing rule that

> [t]he omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges.

*Holt*, at 320; *see also State v. Bonds*, 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied*, 464 U.S. 831 (1983). A charging document fails to state an offense if it omits a specified element of a statutory crime. *State v. Ashker*, 11 Wn. App. 423, 426, 523 P.2d 949 (1974), *overruled on other grounds in State v. Braithwaite*, 92 Wn.2d 624, 600 P.2d 1260 (1979). A charging document is not entitled to a favorable presumption regarding its sufficiency. *State v. Moser*, 41 Wn.2d 29, 31, 246 P.2d 1101 (1952).

In *Holt*, the defendant was convicted of selling obscene materials. On appeal, he argued that the information was constitutionally defective because it omitted two statutory elements pertaining to knowledge. Our Supreme Court agreed and ordered the charges dismissed. The court first noted that a defendant is permitted to challenge an information that fails to state an offense at *any* time, including for the first time on appeal. *Holt*, at 321. Moreover, a defendant is not required to request a bill of particulars "*nor to take any other action* to preserve his right to challenge the constitutionality of the information on appeal." (Italics ours.) *Holt*, at 322–23.

The State does not argue that the complaint charging Leach sets forth the statutory elements of public indecency or that the complaint can, by any reasonable construction, be found to charge an offense. *See State v. Smith*, 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988). Nor does the State seriously maintain that the *Holt* rule is completely inapplicable to charging documents filed in district court. Rather, the State urges this court to adopt a rule that a defendant charged by complaint, unlike a defendant charged by information, forfeits the right to challenge a constitutionally defective

charging instrument by not raising the issue at trial. Given the history and rationale of the *Holt* rule, however, we are constrained to affirm the Superior Court.

Generally, two types of challenges are raised to the specificity of criminal charges:

First, a criminal charge may be so vague as to fail to state any offense whatsoever. In this event, the charge is constitutionally defective and subject to dismissal. Secondly, a criminal charge may state an offense but yet be so vague with regard to particulars as to render it subject to a timely motion for a more definite statement. In this event the charge is not subject to dismissal unless the prosecuting officials refuse to comply with an order calling for greater particularity.

(Citations omitted.) *In re Richard,* 75 Wn.2d 208, 211, 449 P.2d 809 (1969). A third type of challenge involves defects of form. *See Seattle v. Jordan,* 134 Wash. 30, 34, 235 P. 6 (1925). Objections to defects of form are also waived if not timely raised. *See Seattle v. Jackson,* 70 Wn.2d 733, 425 P.2d 385 (1967) (defendant waived objection to unauthorized signature); *State v. Taylor,* 196 Wash. 37, 81 P.2d 853 (1938) (contention that amended information invalid because not sworn to cannot be raised for the first time on appeal).

Although the Superior Court cited *Holt* in dismissing the charge against Leach, the essential elements rule has always been the law in this state, as has the proposition that a charging instrument that fails to state an offense may be challenged at any time. *See, e.g., Blanton v. State,* 1 Wash. 265, 24 P. 439 (1890); *Leonard v. Territory,* 2 Wash. Terr. 381, 7 P. 872 (1885). Moreover, the rule has been applied uniformly to various kinds of charging instruments, including misdemeanor complaints. *See, e.g., Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954); *Seattle v. Jordan, supra; State v. Heath,* 57 Wash. 246, 106 P. 756 (1910); *State v. Carey,* 4 Wash. 424, 30 P. 729 (1892); *see also State v. Grant,* 89 Wn.2d 678, 688, 575 P.2d 210 (1978) (approving

citation charging "obstructing a public officer in the performance of his duty"). *Holt* itself cites *Seattle v. Jordan, supra,* and *Seattle v. Morrow, supra,* both of which involved complaints, for the proposition that an objection to an information that completely fails to state an offense can be raised at any time. *Holt,* at 321.[3]

The cases relied upon by the State for the proposition that a defendant waives any objection to a misdemeanor complaint by not raising the matter at trial are inapposite. In *Seattle v. Jackson, supra,* the defendant contended for the first time on appeal that the complaint was signed by an unauthorized person under former JCrR 2.01. The court held that the defendant had waived any objection to the irregularity by failing to raise the issue at trial. In *Seattle v. Reel,* 69 Wn.2d 227, 418 P.2d 237 (1966), the defendant claimed that a citation failed to set forth the date and time of the alleged violation, the date of issuance, the amount of bail, and the date and time for his court appearance. The court concluded that these claims were meritless because they were directly refuted by unchallenged findings of fact.

Thus, neither *Jackson* nor *Reel* involved a charging instrument that failed to state a crime. Both decisions involved defects of form that, along with defects that can be cured by a bill of particulars, are waived if not raised timely at trial. *Jackson* and *Reel* are completely consistent with the *Holt* rule and provide no basis for distinguishing misdemeanors from felonies. *Cf. State v. Jordan, supra* at 34.[4]

We recognize, as the State points out, that constitutional guaranties do not mandate the adoption of identical

---

[3]*Morrow,* like most of the older cases cited by both parties, involved a trial de novo in superior court. However, because the *Holt* rule is constitutionally based, this factor does not affect our decision.

[4]*State v. McNeil,* 161 Wash. 221, 296 P. 555 (1931), also relied upon by the State, is equally inapposite, as it involves the doctrine of invited error.

procedures in superior court and courts of limited jurisdiction. *See, e.g., Seattle v. Williams,* 101 Wn.2d 445, 680 P.2d 1051 (1984). However, none of the authorities cited by the State suggests that a defendant's right to challenge a charging document that fails to state any crime whatsoever depends on whether the charge is a misdemeanor or a felony or whether the charge is filled in district court or superior court.

Finally, the State maintains that application of the *Holt* rule to misdemeanor complaints would lead to inconsistent results for persons charged with comparable offenses by citation and notice. We do not reach this question, however, as the issue before us involves a complaint. We therefore have no occasion to consider the different circumstances and procedures governing the issuance of citations and the use of citations as final charging documents. *Cf.* CrRLJ 2.4(b); *see also* 4A L. Orland & K. Tegland, Wash. Prac., *Rules Practice,* rule 2.4 task force comment, at 314 (Supp. 1988).

The *Holt* court, without further elaboration, characterized the failure of the charging document to state an offense as a "constitutional defect." *Holt,* at 320. The court further noted that the constitutional nature of the defect permits consideration of the issue even when raised for the first time on appeal. *Holt,* at 321. The constitutional principle is generally formulated in terms of due process, *i.e.,* an accused's right to be informed with reasonable certainty of the nature of the charges in order to prepare a defense and to plead a judgment as a bar to any further prosecution for the same offense. *See State v. Royse,* 66 Wn.2d 552, 557, 403 P.2d 838 (1965); *State v. Ackles,* 8 Wash. 462, 36 P. 597 (1894); Const. art. 1, § 22 (amend. 10).

Given the harsh consequences of a violation, however, it is evident that the essential elements rule constitutes a category sui generis and rests on principles other than notice alone. Even in situations where the notice function has been satisfied, *i.e.,* the defendant has actual notice of the elements of the charged crime and has not been prejudiced

at trial by the defective charging document, the *Holt* rule mandates automatic dismissal.[5]

In *Holt,* for example, the court expressly held that an information that fails to state a crime cannot be cured by jury instructions that properly set forth the statutory elements or by a bill of particulars. *Holt,* at 322. Nor does the rule impose upon the defendant the slightest obligation to raise the issue at trial; the absence or presence of prejudice is irrelevant. *See Holt,* at 322–23. Research has failed to disclose a single decision in this state in which the defendant was found to have waived an objection to a charging document's failure to state a crime; nor does it appear that the defect is one that can be waived. *Cf. United States v. Meacham,* 626 F.2d 503 (5th Cir. 1980) (guilty plea does not waive jurisdictional defects such as charging documents' failure to charge an offense). Thus, the essential elements rule in this state has assumed a quasi–jurisdictional character.[6] *Cf. State v. Unosawa,* 29 Wn.2d 578, 589, 188 P.2d 104 (1948) (when charging document fails to state a crime, there is no charge upon which defendant can be tried or convicted).

In summary, the special status accorded the essential elements rule, its unique constitutional and quasi–jurisdictional character, and its uniform and consistent application

---

[5]This aspect of the essential elements rule retains vestiges of early common law pleading practices. *See generally* 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2(b) (1984).

[6]Courts in other jurisdictions have expressly held that a charging instrument that fails to allege a crime renders any resulting conviction void for lack of subject matter jurisdiction. *See, e.g., Kansas City v. Carlock,* 12 Kan. App. 2d 41, 733 P.2d 1273 (1987) (misdemeanor summons and complaint ticket failed to allege facts and elements of crime); *People v. Iannone,* 45 N.Y.2d 589, 384 N.E.2d 656, 412 N.Y.S.2d 110 (1978); *Cervantes v. People,* 715 P.2d 783 (Colo. 1986); *State v. Gasnik,* 10 Ohio Misc. 2d 23, 461 N.E.2d 333 (1983); *Williams v. State,* 302 Md. 787, 490 A.2d 1277 (1985); *Hopper v. Hampton,* 244 Ga. 361, 260 S.E.2d 73 (1979); *State v. Blais,* 391 A.2d 1198 (Me. 1978). *But see People v. Gilmore,* 63 Ill. 2d 23, 344 N.E.2d 456 (1976) (failure to charge an offense does not deprive circuit courts of criminal jurisdiction).

to informations and complaints lead ineluctably to our conclusion that a district court defendant does not waive the right to challenge a complaint that fails to charge an offense when the issue is raised for the first time on appeal.

Judgment affirmed.

GROSSE, A.C.J., concurs.

WILLIAMS, J.* (concurring)—The State concedes that the complaint did not set forth the statutory elements of the crime with which it was intended he be charged. "The omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges." *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985); *State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983). While *Holt* deals with a superior court information, there is no principled reason for treating a district court complaint any differently. I therefore join in affirming the judgment reversing Leach's conviction.

Review granted at 112 Wn.2d 1017 (1989).

---

*Judge Ward Williams is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).